|   |   |
|---|---|
| SOPHON SAK, individually,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM INSURANCE COMPANY, an insurance company,<br><br>　　　　　　　　Defendant. | CASE NO. C13-5480 RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING THE REQUEST FOR FEES, COSTS, AND EXPENSES |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Plaintiff's motion for remand to state court and request for costs, expenses and fees incurred in connection with this motion. Dkt. 10. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

The material facts are undisputed. On May 23, 2013, Plaintiff Sophon Sak filed this action in Pierce County Superior Court, State of Washington. Dkt. 2 pp. 6-10. Plaintiff Sak asserts several claims against his insurance carrier, State Farm Insurance Company, relating to the denial of under-insured motorist benefits. *Id*. Those claims arose out of a parking lot

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING THE REQUEST FOR
FEES, COSTS, AND EXPENSES- 1

1  collision caused by an unknown driver. *Id*. p. 7.  Plaintiff Sak was insured for underinsured
2  motorist (UIM) coverage. *Id.*  Plaintiff subsequently asserted an UIM claim with his carrier,
3  Defendant State Farm, but was unable to reach a resolution of his claim and alleged that he was
4  forced to bring this suit. *Id*. p. 7-8.
5      Sak's Complaint pleads causes of action for (1) breach of fiduciary duty for violation of
6  the Washington Unfair Settlement Practices Act, (2) breach of contract for violation of the terms
7  of the insurance policy, and (3) negligence for failure to exercise reasonable care.  Dkt. 2 pp. 8-9.
8  Sak asserts that as a result of State Farm's conduct, "he is entitled to fair and reasonable
9  compensation." *Id*. p. 9.  The Complaint further asserts that "Plaintiff Sak is entitled to any and
10 all remedies available under the Insurance Fair Practice Act including but not limited to treble
11 damages, attorneys' fees, and litigation costs." *Id.*
12     The request for relief in the Complaint makes no demand or request for a specific amount
13 of damages, but simply "prays for judgment against the Defendant, in an amount which will
14 justly and reasonably compensate him for his damages incurred herein, together with his costs
15 and disbursements herein to be taxed, and for prejudgment interest." *Id.* p. 10.
16     Defendant State Farm removed the suit to this Court on the basis of diversity jurisdiction
17 pursuant to 28 U.S.C. § 1332.  Dkt. 1.  Addressing the requisite amount in controversy, the
18 Notice of Removal acknowledges that the amount in controversy is not expressly set forth in the
19 Complaint.  *Id*. p. 3.  The Notice of Removal states "[h]owever, State Farm believes and
20 therefore alleges that the monetary value relief plaintiff seeks in this action exceeds $75,000, for
21 the following reasons: (a) Plaintiff seeks monetary damages for the alleged bad faith of the State
22 Farm, including, but not limited to, violation of the Unfair Settlement Practices Act and the
23 Insurance Fair Conduct Act; (b) Plaintiff seeks an award of treble damages pursuant to the
24

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING THE REQUEST FOR
FEES, COSTS, AND EXPENSES- 2

Insurance Fair Conduct Act, which damages may exceed $75,000; (c) Plaintiff seeks prejudgment interest; and (d) Plaintiff seeks an award of attorneys' fees and costs." *Id.* "Taking all these factors into consideration, State Farm reasonably believes that plaintiff seeks damages and other recoveries counting toward the jurisdictional minimum, aggregating in excess of $75,000." *Id.*

Sak moves for remand, asserting that the amount in controversy is less than the jurisdictional threshold, $75,000.00.

## STANDARD FOR REMOVAL

The district courts of the United States have "original jurisdiction" is where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant has the burden of showing that it has complied with the procedural requirements for removal. *Riggs v. Plaid Pantries, Inc.*, 233 F.Supp.2d 1260, 1264 (D. Or. 2001); *Schwartz v. FHP Int'l Corp.*, 947 F.Supp. 1354, 1360 (D. Ariz. 1996). There is a strong presumption against federal jurisdiction. If there is any doubt as to the existence of federal jurisdiction, the court should remand the matter to state court. *Gas v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). The presumption against removal jurisdiction applies with particular force to defendant's arguments that the complaint frames an amount in controversy that exceeds the jurisdictional minimum. *Gaus,* at 566; *Rodgers v. Central Locating Service, Ltd.*,

1  412 F. Supp.2d 1171, 1175 (W.D. Wash. 2006).  Where the complaint does not specify the

2  amount of damages sought, the removing defendant must prove by a preponderance of the

3  evidence that the amount in controversy meets the jurisdictional requirement.  *Abrego Abrego*,

4  at 683; *Gaus,* at 566-67; *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996).

5  Conclusory allegations by the defendant will not suffice to overcome the traditional

6  presumption against removal jurisdiction.  *Rodgers*, at 1178; *Singer v. State Farm Mut. Auto. Ins.*

7  *Co*., 116 F.3d 373, 375 (9th Cir. 1997).  Instead, the courts may look beyond pleadings and

8  consider other summary judgment type evidence relevant to the amount in controversy, tested as

9  of the time of removal.  *Kroske v. U.S. BankCorp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v.*

10  *Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004).

11  It is not facially evident from the face of Plaintiffs' complaint that the matter in

12  controversy exceeds $75,000.  Defendant State Farm has not set forth any facts in the removal

13  petition, nor submitted any summary-judgment-type evidence tending to establish that the matter

14  in controversy exceeds $75,000.  Based on the type of causes of action alleged, State Farm

15  "reasonably believes" the amount in controversy meets the statutory minimum.  However, Sak's

16  Complaint provides no reasoned basis for determining the amount in controversy.  Nowhere in

17  the Complaint does it relate the necessary facts or circumstances that would permit the Court to

18  reasonably infer the probable extent of Plaintiff's damages.  To rely on what effectively is mere

19  speculation and conjecture is contrary to the Ninth Circuit's requirement that the jurisdictional

20  determination be grounded on a factual basis that is similar in quality to "summary-judgment-

21  type evidence."  *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003)

22  State Farm bears the burden of actually showing by a preponderance of evidence that the

23  amount in controversy exceeds $75,000.00.  The declaration of State Farm's counsel that it is not

24

uncommon in bad faith actions against insurers for the amount in controversy to exceed $75,000.00, is not indicative that the amount in controversy in this action exceeds the statutory threshold. The Court lacks jurisdiction and this action will be remanded.

## ATTORNEY'S FEES

Sak seeks an award of attorney's fees pursuant to 28 U.S.C. 1447(c). Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, it was not objectively unreasonable for State Farm to seek removal. Plaintiff's request for an award of fees, costs and expenses pursuant to 28 U.S.C. 1447(c) should be denied.

## CONCLUSION

Defendant State Farm has failed to establish that the amount in controversy meets the jurisdictional threshold. There is a lack of a factual basis for the establishment of the requisite jurisdictional amount of damages in this diversity action. Thus, the matter should be remanded to state court for lack of federal jurisdiction. All other pending motions should be stricken.

Therefore it is hereby **ORDERED**:

- Plaintiff's Motion to Remand to State Court (Dkt. 10) is **GRANTED**. This Court lacks jurisdiction over this action.
- The request for costs, expenses and attorney's fees (Dkt. 10) is **DENIED.**
- This matter is **REMANDED** to Pierce County Superior Court.

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING THE REQUEST FOR
FEES, COSTS, AND EXPENSES- 5

1      • All other pending motions are **STRICKEN**.

2         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

3 to any party appearing *pro se* at said party's last known address. The Clerk is further directed to

4 take the steps necessary to remand the case to Pierce County Superior Court.

5         Dated this 13th day of August, 2013.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
REMAND AND DENYING THE REQUEST FOR
FEES, COSTS, AND EXPENSES- 6